COPY

LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-422-9029
Email: David.Don@azbar.org

David J. Don (AZ- 016462)
*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| Denise Haley, an individual, Estate of Michael Haley, decedent.<br><br>    Plaintiffs,<br><br>vs.<br><br>John F. Salazar, Warden, in his individual capacity; Romeo Feliot Ang, Jr. MD., in his individual capacity; John and Jane Does 1-10<br><br>    Defendants. | Case No.: ED CV 09- 01060 SGL(OPx)<br><br>**COMPLAINT**<br><br>(42 U.S.C. § 1983 and California state law) |

Plaintiff, Denise Haley and the Estate of Michael Haley ("Plaintiffs"), sue John F. Salazar ("Salazar"), Romeo Felito Ang, Jr., M.D. ("Ang") and John and Jane Does (Does) collectively "Defendants", for compensatory damages, punitive damages, attorneys' fees and costs pursuant to 42 U.S.C. § 1983 and California state law.

**JURISDICTION AND VENUE**

1.      This action arises because Defendants failed to adequately diagnose and treat a man under their care at the Chuckawalla Valley State Prison for his hypotrophic cardiomyopathy, in violation of their responsibilities required under the Eighth Amendment of the United States Constitution and the laws of the State of California. As a result, Michael Haley, age 35, died and his wife, Denise Haley, was widowed.

-1-

2. Defendant John F. Salazar is the Warden of the Chuckawalla Valley State Prison (CVSP) located in Blythe, California. As the Warden, Defendant Salazar had a non-delegable duty to provide adequate detention and health care services to inmates, including Michael Haley. Defendant Salazar was at all times, a public employee in the scope of his employment. Mr. Salazar is vicariously liable under state law for any liability attributable to the people who perform medical and detention services within the CVSP.

3. Defendant Romeo Feliot Ang, Jr. MD. Is a medical doctor and held the position of Chief Physician and Surgeon at CVSP. It is unknown whether Defendant Ang was a private or public employee at times relevant to this case. However, Defendant Ang did enter a physician-patient relationship with Mr. Haley. Well before Mr. Haley's death in February and December 2006, Defendant Ang provided medical care to Mr. Haley for chest pain. By doing so, Defendant Ang had an obligation to use adequate care in his examination and treatment of Mr. Haley.

4. At all times relevant, Defendant Salazar and Defendant Ang and all the medical and detention staff at CVSP operated under color of state law.

5. That the true names and capacities of Defendants herein designated as John and Jane Does 1-100, inclusive are unknown to Plaintiffs who, therefore sue said Defendants by such fictitious names. Each such defendant is legally responsible for the events that proximately caused the death and injury to Plaintiffs as alleged herein. Plaintiffs will ask leave of the Court to amend the Complaint to insert the true names and capacities of such Defendants when the same have been ascertained and will further ask leave to join said Defendants in these proceedings.

6. Venue is proper as the incident giving rise to this lawsuit occurred in the

1. Chuckawalla State Prison, within Riverside County, California.

## PLAINTIFF AND STANDING

7. Plaintiff, Denise Haley, is an Arizona resident. She is the wife of decedent, Michael Haley.

8. Plaintiff, Estate of Michael Haley, decedent, represents the interests of the decedent, Michael Haley, who lost his life. At all times relevant to the liability issues in this case, Mr. Haley was an inmate at the Chuckawalla State Prison.

9. Plaintiffs have suffered a violation of constitutional rights guaranteed under the Eighth and First Amendment of the United States Constitution and state law of California.

## STATEMENT OF THE CLAIM

10. On or about March 2, 2005, Defendant John F. Salazar, through his agents, had Michael Haley incarcerated at CVSP.

11. On or about February 26, 2006, Michael Haley presented to medical staff, including Defendant Ang, for medical treatment related to chest pain. Defendant Ang became aware, as noted in the medical chart, that Mr. Haley was suffering from chest pain.

12. Defendant Ang also knew or should have known that, on November 5, 1994, during a previous incarceration at CVSP, the medical staff had conducted an x-ray of Mr. Haley's chest area.

13. Defendant Ang failed to adequately assess, diagnose or treat Mr. Haley's hypotrophic cardiomyopathy by, among other things, failing to conduct an adequate patient history, failing to conduct adequate diagnostic studies, and failing to refer his patient for specialized cardiovascular assessment and care.

-3-

14. On or about December 26, 2006, Michael Haley again presented to medical staff, including Defendant Ang, for medical treatment related to chest pain. Defendant Ang became aware, as noted in the medical chart, that Mr. Haley was suffering from additional chest pain.

15. Again, Defendant Ang failed to adequately assess, diagnose or treat Mr. Haley's hypotrophic cardiomyopathy by, among other things, failing to conduct an adequate patient history, failing to conduct adequate diagnostic studies, and failing to refer his patient for specialized cardiovascular assessment and care.

16. Given Mr. Haley's signs and symptoms, the standard of care would have required that Defendants ensure that Mr. Haley immediately be referred for specialized cardiovascular care. Defendants failed to provide that care.

17. Thereafter, in February and early March 2008, Michael Haley became noticeably ill with symptoms consistent with his untreated, hypotrophic cardiomyopathy.

18. On March 5, 2008, Michael Haley died.

19. The medical examiner concluded that the cause of death was congestive heart failure due to hypertrophic cardiomyopathy.

20. The left ventricle of Mr. Haley's heart was measured at 2.5 cm, whereas normal thickness should be between 0.6 and 1.1 cm.

**COUNT ONE: STATE LAW**

21. Plaintiffs incorporate by this reference all the previous paragraphs. This cause of action is brought under the law of the State of California, including Cal. Government Code § 845.6, and Cal. Civ. Code § 52.1(b), Cal. Civ. Code § 377.60.

22. Defendants had an obligation to behave as reasonable detention staff and medical staff.

23. Defendants had actual or constructive knowledge that Mr. Haley required immediate specialized cardiovascular care, and a work-up, which would have identified his hypotrophic cardiomyopathy. Defendants knew or should have known that Mr. Haley was suffering from a serious medical condition and that the failure to provide immediate adequate medical assessment and treatment could result in his death. However, despite that knowledge, Defendants failed to administer adequate care, resulting in this death.

24. The obligation of both the detention staff and the medical staff in a corrections facility is to undertake steps to prevent serious medical complications due to failure to adequately assess and treat their patients' chest pain.

25. Defendants were negligent by failing to provide adequate medical care for the serious medical condition suffered by Mr. Haley. They failed to refer Mr. Haley for more intensive cardiovascular care, despite their knowledge that he suffered from symptoms of a serious medical condition, hypotrophic cardiomyopathy. Even after his chest pain condition worsened and persisted over a long period of time, Defendants and their agents still failed to refer him for cardiovascular care. The cost of treatment is not a justification for failing to provide medical treatment for a serious medical condition, such as hypotrophic cardiomyopathy, particularly in this case, where Mr. Haley presented numerous times to medical staff with symptoms of chest pain.

26. As such, Defendant Ang fell below the applicable standard of care in his care and treatment of Mr. Haley.

27.  Defendant Salazar fell below the standard of care by failing to ensure that proper policies, procedures, training and supervision were implemented and followed to ensure that inmates with chest pain were seen by cardiovascular specialists.

28.  Defendant Salazar had a non-delegable duty to ensure that the correction and medical staff was adequately trained to ensure that Mr. Haley received medical care for his serious medical conditions.

29.  The CVSP staff failed to exercise reasonable care to prevent the serious medical complications from untreated hypotrophic cardiomyopathy. The details of any medical negligence or detention office negligence is contained within Mr. Haley's medical records and detention records, retained by Defendants and incorporated by this reference.

30.  As a result of Defendants' failure to provide standard of care medical care or detention care or both, Mr. Haley suffered and died. Had Defendants followed the standard of care Mr. Haley's death would have been prevented.

31.  As a result of Defendants' improper behavior in denying, delaying or refusing to provide necessary medical care, Mr. Haley suffered and died and Mrs. Haley suffered general damages including, but not limited to, the loss of care, love, society, companionship, emotional support and affection, from the loss of her husband.

### COUNT TWO: CIVIL RIGHT VIOLATION

### (First and Eight Amendment United States Constitution)

32.  Plaintiffs incorporate by this reference all the previous paragraphs. This cause of action is brought under 42 U.S.C. § 1983 for a violation of the First and Eighth Amendment to the United States Constitution.

33. Defendant Ang was deliberately indifferent to Mr. Haley's serious medical needs by failing to adequately assess, diagnose, treat, and follow-up with Mr. Haley for his hypotrophic cardiomyopathy.

34. Defendant Salazar was deliberately indifferent, and knew about and acquiesced to the constitutional violations in this case, by failing to ensure that proper policies, procedures, training and supervision were implemented and followed to ensure that inmates with chest pain were seen by cardiovascular specialists. Defendant Salazar further has ratified the misconduct of others, evidencing his state of mind at the time of these violations.

35. The acts and omissions of Defendants outlined above and done as the supervisor of other detention and medical staff who dealt with Mr. Haley, was the moving force behind the constitutional violations resulting in the death in this case.

36. As a direct and proximate result of these acts and/or omissions, Defendants' actions, done under color of law and their authority, intentionally and with conscious, callous, and deliberate indifference to Michael Haley's and Denise Haley's constitutional rights under the Eighth and First Amendment to the United States Constitution, causing Mrs. Haley suffered general damages including, but not limited to, the loss of care, love, society, companionship, emotional support and affection, from the loss of her husband.

*WHEREFORE*, Plaintiff prays for judgment against the Defendants jointly and severally as follows:

    1. For general damages in a just and reasonable sum;
    2. For loss of life;
    3. For punitive damages against defendants, as permitted under federal law,
    4. For attorneys fees

5. For the Plaintiff's costs incurred herein; and
6. For such other and further relief as the Court deems just and proper in the premises.

RESPECTFULLY SUBMITTED THIS 4th day of June, 2009.

By: _____
David J. Don
*Attorney for Plaintiff Denise Haley and Estate of Michael Haley*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Denise Haley and Estate of Michael Haley

**DEFENDANTS**
John F. Salazar, Romeo Feliot Ang, Jr. MD, John and Jane Does 1-100.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
David J. Don, Esq.
Law Offices of David J. Don, PLLC, 301 E. Bethany Home Road, Suite B-100
Phoenix, AZ 85014. Tel: 480-948-1212

**Attorneys (If Known)**

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☑ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☐ Yes ☑ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No    ☐ **MONEY DEMANDED IN COMPLAINT:** $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
42 U.S.C. § 1983 and California state law

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | | ☐ 540 Mandamus/Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 442 Employment | | ☐ 840 Trademark |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Accommodations | | **SOCIAL SECURITY** |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| | ☐ 240 Torts to Land | | | | **FEDERAL TAX SUITS** |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | ☑ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

ED CV 09 - 01060 SGL (OPx)

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                    CIVIL COVER SHEET                    Page 1 of 2

JUN - 4 2009

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Maricopa County, Arizona |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _[signature]_    Date June 3, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Stephen G. Larson and the assigned discovery Magistrate Judge is Oswald Parada.

The case number on all documents filed with the Court should read as follows:

**EDCV09- 1060 SGL (OPx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [ ] Southern Division | [X] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-422-9029
Email: David.Don@azbar.org

COPY

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| Denise Haley, an individual, Estate of Michael Haley, decedent. <br> PLAINTIFF(S) <br> v. <br> John F. Salazar, Warden, in his individual capacity; Romeo Feliot Ang, Jr. MD., in his individual capacity; John and Jane Does 1-100. <br> DEFENDANT(S). | CASE NUMBER <br> ED-CV 09 - 01060 SGL (OPx) <br> SUMMONS |
|---|---|

TO: DEFENDANT(S): Romeo Feliot Ang, Jr., MD

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, David J. Don, Esq._____, whose address is 301 E. Bethany Home Road, Suite B-100, Phoenix, AZ 85012. Tel: 480-948-1212_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

TERRY NAFISI

Clerk, U.S. District Court

L. MURRAY

Dated: __JUN - 4 2009__    By: _____
Deputy Clerk
(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

---

CV-01A (12/07)    SUMMONS

LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel: 480-948-1212
Fax: 480-422-9029
Email: David.Don@azbar.org



## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Denise Haley, an individual, Estate of Michael Haley, decedent.<br><br>PLAINTIFF(S)<br>v.<br>John F. Salazar, Warden, in his individual capacity; Romeo Feliot Ang, Jr. MD., in his individual capacity; John and Jane Does 1-100.<br><br>DEFENDANT(S). | CASE NUMBER<br><br>ED CV 09 - 01060 SGL(OPx)<br><br><br>SUMMONS |

TO: DEFENDANT(S): 

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, __David J. Don, Esq._____, whose address is __301 E. Bethany Home Road, Suite B-100, Phoenix, AZ  85012. Tel: 480-948-1212__. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

**TERRY NAFISI**
Clerk, U.S. District Court

Dated: __JUN -4 2009__          By: __L. MURRAY_____
                                    Deputy Clerk

                                    (Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)                    SUMMONS